Argued January 5, affirmed February 7, 1928.

# HANSEN, HAMMOND & CLIST *v.* BROADWAY BANK.

### (263 Pac. 913.)

**Contracts—Under Building Contract, Contractor was not Required to Give Architect Notice of Cause of Delays to Secure Extension of Time, Where Architect Ordered Stoppage of Work.**

1. Under building contract requiring notice to architect of cause of delays in order to secure extension of time, and providing that architect should have authority to stop work when necessary, and that time should then be extended for reasonable time, it was unnecessary to give notice of delays, where architect ordered stoppage of work.

**Appeal and Error—Court's Findings, Being Sustained by Evidence, were Conclusive.**

2. In action for balance due under building contract, court's finding that building was completed within time provided by contract, after giving plaintiff benefit of extensions to which it was entitled, being sustained by evidence, was conclusive on appeal.

**Contracts—Claim of Contractor Against Owner for Balance Due Under Contract Held by Terms of Building Contract not to be Question. Subject to Arbitration.**

3. Under building contract, providing that architect should make decisions on all claims of owner or contractor and all other matters relating to execution and progress of work, and that, except as otherwise expressly provided, all architect's decisions were subject to arbitration, and providing that, subject to provisions of article mentioned, all questions in dispute should be submitted to arbitration at choice of either party to dispute, claim of contractor against owner for balance alleged to be due on completion of contract *held* by terms of contract not to be question subject to arbitration.

**Trial—Finding on Amount of Damages Claimed by Defendant for Delay in Building Construction Held Unnecessary, Where Court Found Plaintiff's Delays Resulted from Causes Contract Provided Should Excuse Delay.**

4. In action to recover balance alleged to be due for labor and material furnished in construction of building under written contract, finding on question of amount of defendant's damages through delay in construction of building *held* unnecessary, where court found such delays resulted from causes which contract expressly provided should excuse delay and result in extension of time for completion of building.

---

Appeal and Error, 4 C. J., p. 876, n. 78, p. 878, n. 81, p. 1059, n. 5.
Building and Construction Contracts, 9 C. J., p. 790, n. 91, p. 865, n. 97 New, p. 885, n. 81, 86.
2. See 2 R. C. L. 202.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the names of *Mr. J. N. Hart* and *Mr. William G. Smith.*

For respondent there was a brief over the name of *Mr. Franklin F. Korell,* with an oral argument by *Mr. Jerry E. Bronaugh.*

RAND, C. J.—This is an action to recover the balance alleged to be due plaintiff for labor and material furnished by plaintiff in the construction of a building under a written contract entered into between plaintiff and defendant. By the terms of the contract, plaintiff undertook to furnish all of the labor and material necessary for the construction of specific parts of the building, the remainder of which was done by other contractors. The contract provided that the work should be done under the supervision and direction of a named architect and it was done under his supervision and direction. Plaintiff completely performed its contract and there became due it, under the terms of the contract, the sum of $63,995.18, all of which has been paid except the sum of $1,557.98, for which plaintiff obtained judgment in the court below. The cause was tried to the court without the intervention of a jury. There are numerous assignments of error, but we shall consider only such as have been discussed in appellant's brief.

1. The first point raised is that the contract was not completely performed within the time stipulated in the contract and that for the delay in the construction of the building defendant was entitled to damages

in an amount equal to the rental value of the building for the time of the delay. The contract provides that the work shall be "substantially completed September 20, 1923," and that defendant shall pay plaintiff "on substantial completion of the entire work, a sum sufficient to increase the total payments to eighty-five per cent of the contract price, and thirty days thereafter, provided the work be fully completed and the contract fully performed, the balance due under the contract." On December 17, 1923, the architect certified that the work had been completely performed and that plaintiff was entitled to be paid over and above the payments that it had then received the sum of $11,807.98, and thereafter, on December 27, 1923, and January 3 and January 29, 1924, defendant made three separate payments aggregating $10,250, leaving unpaid the sum for which plaintiff secured judgment. The contract provided that, if the contractor without being in fault be delayed in the completion of the work by any one of numerous specified acts or neglect upon the part of others "or by any cause which the architect shall decide to justify the delay, then the time of completion shall be extended for such reasonable time as the architect may decide," but that "no such extension shall be made for delay occurring more than seven days before claim therefor is made in writing to the architect." The evidence showed and the court found that plaintiff was delayed in the completion of the work without fault upon its part for as long a period as there had been a delay in the completion of the work, and that during said periods of time, under direction of the architect, plaintiff had ceased work on the building in order either for others to catch up with their work or the building be in condition so that plaintiff could

work. There was no written notice given to the architect as to any of such delays and defendant maintains that without such written notice having been given, no extension of time could result from such delay. The contract, however, provides that the architect shall have "authority to stop the work whenever such stoppage may be necessary to insure the proper execution of the contract," and that for any "delay authorized by the architect * * then the time of completion shall be extended for such reasonable time as the architect may decide." It is obvious that under this term of the contract, the architect was not required to give written notice to himself of the cause of the delay when he himself had ordered the stoppage of the work.

2. The learned trial judge found that, after giving plaintiff the benefit of the extensions to which it was entitled, the time had been extended and that the building was completed within the time provided by the contract and, there being evidence sufficient to sustain such findings, they are conclusive upon the question now under consideration.

3. It is next contended that plaintiff cannot maintain this action because of plaintiff's failure to submit the matters involved here to arbitration. We find no merit in this contention. Article 10 of the contract provides that: "The architect shall, within a reasonable time, make decisions on all claims of the owner or contractor and on all other matters relating to the execution and progress of the work * * Except as above or as otherwise expressly provided in these general conditions or in the specifications, all the architect's decisions are subject to arbitration." Article 45 of the contract provides: "Subject to the

provisions of Article 10, all questions in dispute under this contract shall be submitted to arbitration at the choice of either party to the dispute." One of the matters which by Article 10 the contract expressly excludes as subject to arbitration is the claim of the contractor against the owner. Hence, by the very terms of the contract itself, the question in dispute here was not a question which was subject to arbitration.

By force of the statute, this being an action at law and having been tried by the court, the findings, if there was any competent evidence to sustain them, are to be deemed a verdict. There was ample evidence to support the findings of the trial court.

4. The defendant complains because the court failed to find upon the question of the amount of damages sustained by the defendant through delay in the construction of the building. Having found that such delays resulted from causes which the contract expressly provided should excuse the delay and result in an extension of the time for the completion of the building, the question of the amount of damage which would have resulted to defendant, if there had been a wrongful delay in the completion of the building, was no longer pertinent and became wholly immaterial, rendering a finding as to the amount of such damages not only unnecessary but highly improper. Finding no error in the record, the judgment will be affirmed.                                     AFFIRMED.

BEAN, BELT and BROWN, JJ., concur.